## Case No. 6,779.

HOWELL v. HARTFORD FIRE INS. CO.

[6 Biss. 163.] 1

Circuit Court, N. D. Illinois. July, 1874.

COMPARISON OF HANDWRITING.

A party has no right to an instruction to the jury, allowing them to take to the jury-room a letter, the genuineness of which is denied, for the purpose of comparing it with a genuine letter; such comparison is only permissible during the progress of the trial.

[Action by Martin A. Howell against the Hartford Fire Insurance Company. Plaintiff moves for a new trial.]

E. A. Storrs, for plaintiff.

Wirt Dexter, for defendant.

BLODGETT, District Judge. This is a motion for a new trial, in which the plaintiff alleges several errors committed by the court in the progress of the trial of the case, as grounds why he should have a new trial. I have examined these grounds very carefully, and without going elaborately into a discussion of the points made by

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

the learned counsel, and the very ingenious and able arguments which have been filed in the case, I must say, as I was impressed at the time of the previous arguments in the case, that the point is not well taken. The main point relied on is this: After the court had read its charge to the jury, the charge being in writing, Mr. Storrs asked the court to charge the jury that they might take the Shaw letter, which was in the case legitimately for other purposes and as general evidence, and compare it with the Foster letter, the genuineness of which is denied by the plaintiff, and draw their own conclusions as to whether the Foster letter was genuine by comparing it with the Shaw letter, and by comparing the formation of the letters, the spaces between the lines, and the general contour of the letters. The court refused to give this charge in these words to the jury, and stated that it did not think a comparison of the handwriting was allowable. The authorities cited, and which were not in my mind at the time, undoubtedly go to sustain the proposition that a comparison of handwriting may be allowed for the purpose of determining the genuineness or want of genuineness of a paper put into a case, where one of the papers is confessedly in the handwriting of the party. I think the distinction to be made here is, that the court was not asked to adopt this comparison upon the trial of the case, but was asked to instruct the jury that they might make that comparison in the jury-room in secret on their retirement, without having been asked to make the examination and comparison before the court during the progress of the trial. Now the authorities clearly go to show that if upon the progress of the trial the plaintiff had insisted that the jury should have the privilege of comparing the Shaw and Foster letters together and determining their genuineness, they should both be passed to the jury, and they should have the privilege of examining them. I think that was the proper time for examining them, for this reason: that the counsel and court would have had the privilege of pointing out a resemblance or want of resemblance in the two writings, and calling the attention of the jury to such facts in regard to the writings as bore upon the question of the genuineness or want of genuineness of the paper in question. That the jury should blindly be told to take this paper, and that the court should lay down the rule by which they should determine whether the Foster letter was or was not genuine, by the general arrangement of the characters and so forth, was asking for a comparison of handwriting to be made at an improper time and asking the court to lay down the rule by which the comparison should be made, and the genuineness tested. The court holds, therefore, that there was no error committed

by the court in refusing to charge the jury as asked, and that, therefore, no new trial can be granted. With regard to the other errors assigned, the court does not think that any of them were well taken. The motion for a new trial is, therefore, refused.

NOTE. It is competent for the court and jury to compare the handwriting of a disputed document, with any others which are admitted or proved to be in the handwriting of the supposed writer. Griffith v. Williams, 1 Cromp. & J. 47; Perry v. Newton, 5 Adol. & E. 514; Rex v. Morgan, 1 Moody & R. 134, note; Allport v. Meek, 4 Car. & P. 267; Bromage v. Rice, 7 Car. & P. 548; Best, Ev. § 239, note, and cases cited. A jury may judge of disputed handwriting by comparing it with other documents in for other purposes and admitted to be in the handwriting of the other party. Solita v. Yarrow, 1 Moody & R. 133. See, also, 2 Saund. Pl. & Ev. pt. 1, p. 160.